# Fidelity Title & Trust Company of Pittsburg, Appellant, v. West Side Belt Railroad Company.

*Railroads—Taking of land—Statute of frauds—Oral agreement.*

Where a railroad company takes an acre of land for railroad purposes, and the owner, upon discovery of the taking, insists that the railroad company shall purchase all of the balance of the plot of which the acre was a part, and the company orally agrees to purchase such balance at a certain amount per acre, but never takes possession of such balance, nor pays any part of the purchase money, the statute of frauds will bar any recovery from the railroad company on its agreement. In such a case the owner's only remedy is by the statutory proceeding for compensation for the land taken under the right of eminent domain.

Argued Oct. 26, 1910. Appeal, No. 138, Oct. T., 1910, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., July T., 1906, No. 765, for defendant non obstante veredicto in case of Fidelity Title & Trust Company of Pittsburg, Administrator of Estate of Mary J. Wilson, deceased, and Flora J. Kenny v. West Side Belt Railroad Company. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for purchase money of land. Before SHAFER, J.

The facts are stated in the opinion of the Supreme Court.

At the trial the jury returned a verdict for plaintiff for $13,100.30. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*H. V. Blaxter,* of *Lazear & Blaxter,* for appellants.

*James R. Miller,* of *Patterson, Sterrett & Acheson,* for appellee.

PER CURIAM, January 3, 1911:

In the latter part of 1902 the West Side Belt Railroad Company entered upon and took about an acre of land belonging to Mary J. Wilson and Flora J. Kenney, for the purpose of making a connection with the Baltimore & Ohio railroad. Some months later this was discovered by an agent of the owners of the land, and he immediately made complaint of what had been done to the vice president and general manager of the railroad company, who referred him to its chief engineer for a settlement. Upon the suggestion by that officer that the company would pay for the land taken, the agent declined to settle on that basis, insisting that the balance of the plot, which consisted of about sixteen acres, had been injured by the taking of the one acre. Negotiations were then commenced looking to a purchase of the entire seventeen acres by the company. These negotiations were pending for about a year, when a verbal agreement, according to the evidence submitted by the plaintiffs, was made by the railroad company to purchase the entire tract for $550 an acre, and the present action was brought to recover this purchase money. One of the defenses set up was that the statute of frauds barred a recovery, and this was sustained by the court below in entering judg-

ment for the defendant non obstante veredicto. Our examination of all the evidence in the case has satisfied us that nothing was shown by the plaintiffs to take the sale out of the statute. Nothing by way of performance was done by the railroad company after the agreement was made. It neither took possession of the sixteen acres nor paid any part of the purchase money. The one acre had been taken under the right of eminent domain nearly two years before the alleged agreement to purchase was made, and the owners have their statutory remedy for compensation for its taking. The tender of a deed to the appellee was ineffectual to make the sale valid, for the writing was not accepted: McClintock v. South Penn Oil Co., 146 Pa. 144.

Judgment affirmed.